UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAUNA MAE MILLER,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>STATE OF IDAHO, THIRD JUDICIAL BRANCH, IDOC BRENT REINKE, DIRECTOR, and WARDEN JIM WOOLF,[1]<br><br>　　　　　　Respondents. | Case No. 4:09-CV-00078-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending in this habeas corpus matter is Respondents' Motion for Summary Dismissal. (Dkt. 17.) The Court finds that decisional process would not be aided by oral argument, and it will resolve the Motion on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will grant Respondents' Motion, and this case will be dismissed as untimely.

## BACKGROUND

In 2005, Petitioner entered a guilty plea in state district court to one count of lewd conduct with a minor under the age of sixteen. (State's Lodging A-3.) In exchange for her

---

[1] At Petitioner's request (Dkt. 13), Warden Jim Woolf of the Pocatello Women's Correctional Center is added as an appropriate Respondent in this habeas action.

**MEMORANDUM DECISION AND ORDER - 1**

guilty plea, the State dismissed two additional counts of aiding and abetting lewd conduct. (State's Lodgings A-3; A-7, p. 2.) Petitioner was sentenced on April 12, 2005, and the original Judgment indicated that Petitioner was to serve seventeen years in prison with the first five years fixed. (State's Lodging A-4.)

Petitioner filed a Motion for Reduction of Sentence Pursuant to Rule 35, which the district court denied, (State's Lodgings A-5, A-7), but on October 5, 2005, the court entered a "Corrected Judgment and Commitment" to reflect the court's accurate oral pronouncement at sentencing of twenty-five years in prison with the first five years fixed. (State's Lodging A-6, p. 1.) Petitioner did not appeal from the Corrected Judgment, nor did she file an application for post-conviction relief. (State's Lodging A-8, p. 3.)

Over three years later, on February 25, 2009, Petitioner submitted her Petition for Writ of Habeas Corpus in this Court, alleging that she had been deprived of her Sixth and Fourteenth Amendment rights to the effective assistance of counsel. United States Magistrate Judge Ronald E. Bush reviewed the Petition and ordered the Clerk to serve it on Respondents. (Dkt. 8.)

Respondents have since filed their Motion for Summary Dismissal, in which they argue that the Petition is untimely and that Petitioner's claim is procedurally defaulted because she has never raised it in the Idaho Supreme Court. (Dkt. 17, pp. 1-2.) Petitioner has submitted a Response, and because not all parties consented to a Magistrate Judge exercising jurisdiction, the case has been reassigned to the undersigned District Judge. (Dkt. 21.)

**MEMORANDUM DECISION AND ORDER - 2**

The Court has reviewed the parties' written submissions and the record, and it is now prepared to issue its ruling. Because the Court finds that the Petition is untimely, it does not reach Respondents' alternative argument that Petitioner's claim is procedurally defaulted.

**STANDARD OF LAW**

Habeas petitions filed after the enactment of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The one-year period generally begins to run from the date on which the petitioner's judgment of conviction became final in state court, either upon completion of direct review or after the time for seeking an appeal has expired. 28 U.S.C. § 2244(d)(1)(A).

The statute provides for tolling (suspending) of the limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The period also may be suspended for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

**DISCUSSION**

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner did not file a direct appeal, and her state court judgment became final, at the latest, on November 16, 2005, forty-two days after the Corrected Judgment was entered in state district court. She had no state post-conviction or other collateral actions pending in the next year that would toll the running of the limitations period under 28 U.S.C. § 2244(d)(2). Absent equitable tolling, the statute of limitations expired on November 16, 2006, and the Petition in this case is over two years out of time.

Petitioner appears to argue that the limitations period should be equitably tolled because of her trial attorney's ineffectiveness and because of the limited legal resources available to her at the prison. (Dkt. 20, pp. 2-6.) It is true that serious attorney misconduct that directly causes a late filing can provide a basis for equitable tolling. *See, e.g., Holland*, 130 S.Ct. at 2564 (finding possible extraordinary circumstances when an attorney repeatedly failed to respond to requests for information and did not file a timely habeas petition); *see also Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (holding that "sufficiently egregious" attorney misconduct that is the cause of a late filing will toll the limitations period). Here, however, Petitioner has alleged no facts tending to show that her trial counsel, or any other attorney, engaged in serious misconduct or otherwise prevented her from preparing and filing a habeas corpus petition in a timely manner. She instead makes vague claims of attorney incompetence during the plea bargaining process unrelated to the preparation of a federal habeas petition, and *Holland*, *Spitsyn*, and other similar cases are not applicable.

In addition, while prison officials are required to allow prisoners reasonable access

**MEMORANDUM DECISION AND ORDER - 4**

to the courts, they are not obligated to stock full law libraries or to give legal advice. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996) Unfortunately, ignorance of the law and a lack of legal sophistication are common among pro se habeas petitioners and are not the type of extraordinary circumstances that would warrant equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Accordingly, the Court concludes that the Petition is untimely, and Respondents' Motion for Summary Dismissal will be granted on that basis.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court on its own initiative has evaluated this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court does not believe that reasonable jurists would debate its determination that the Petition in this case is untimely. The Court will not issue a COA, though Petitioner is advised that she may still seek one in the Ninth Circuit Court of Appeals

**MEMORANDUM DECISION AND ORDER - 5**

pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, she must first file a timely notice of appeal in this Court.

## ORDER

IT IS ORDERED:

1. The Clerk shall add Warden Jim Woolf as a Respondent.

2. Respondents' Motion for Summary Dismissal (Dkt. 17) is GRANTED.

3. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 4, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge